UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Matthew G. Kaminski, | Case No. 21-mc-0043 (WMW/TNL) |
| Petitioner, | |
| | **ORDER** |
| v. | |
| United States of America, Matthew Fox, Crown Bank, and Internal Revenue Service, | |
| Respondents. | |

---

In this case arising from a third-party Internal Revenue Service (IRS) summons, Respondents United States of America, Revenue Officer Matthew Fox, and the Internal Revenue Service (collectively, Federal Respondents) move to dismiss Petitioner Matthew G. Kaminski's petition to quash. (Dkt. 7.) For the reasons addressed below, the Court grants the Federal Respondents' motion to dismiss and dismisses Kaminski's petition to quash.

BACKGROUND

Kaminski is a resident of Minnesota. On June 1, 2021, Fox served a third-party summons on Crown Bank (Crown Bank summons), requesting that Crown Bank produce records relating to Kaminski's tax liability. The summons states that in "accordance with IRC 7609(c)(2)(D) this summons does not meet third party notice requirements."

On June 17, 2021, Kaminski petitioned to quash the Crown Bank summons, arguing that the IRS did not provide proper notice to Kaminski and that the Crown Bank summons

lacked a legitimate purpose. The Federal Respondents now move to dismiss the petition to quash for lack of subject-matter jurisdiction and failure to state a claim, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

## ANALYSIS

The Federal Respondents advance two alternative grounds in support of their motion to dismiss: (1) Kaminski's petition to quash is barred by sovereign immunity and (2) Kaminski fails to state a claim on which relief can be granted. Because jurisdiction is a threshold requirement in every federal lawsuit, *see Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987), the Court addresses the jurisdictional ground for dismissal before reaching any other arguments.

A court "must distinguish between a 'facial attack' and a 'factual attack' " when deciding a motion to dismiss for lack of subject-matter jurisdiction. *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). A facial attack challenges the sufficiency of a plaintiff's pleadings. *Branson Label, Inc. v. City of Branson*, 793 F.3d 910, 914 (8th Cir. 2015). The district court, in turn, determines whether the pleadings allege sufficient facts to support subject-matter jurisdiction. *Id.* In doing so, the court considers only the pleadings, and the nonmoving party receives the same protections that it would receive if a Rule 12(b)(6) motion to dismiss for failure to state a claim were before the court. *Osborn*, 918 F.2d at 729 n.6.

By contrast, a factual attack challenges the existence of subject-matter jurisdiction. *Branson Label*, 793 F.3d at 914. When ruling on a factual attack, a district court may consider matters outside the pleadings, and the nonmoving party proceeds without "the

benefit of [Rule] 12(b)(6) safeguards." *Osborn*, 918 F.2d at 729 n.6. Here, Federal Respondents assert a factual challenge to the Court's subject-matter jurisdiction because they argue that the United States has not waived its sovereign immunity to suit. Accordingly, the Court may consider matters outside the pleadings.

The IRS may "examine any books, papers, records, or other data" to ascertain or collect on tax liability through the use of an administrative summons. 26 U.S.C. § 7602(a)(1). Special procedures govern the use of third-party summonses. *Id.* § 7609. Generally, any person identified in a third-party summons must be notified. *Id.* § 7609(a). But certain categories of summonses are exempt from the notice requirement, including a summons "issued in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." *Id.* § 7609(c)(2)(D)(i). Only persons entitled to notice may bring a proceeding to quash a summons. *Id.* § 7609(b)(2)(A).

Although the United States Court of Appeals for the Eighth Circuit has not addressed the issue, other Circuits have concluded that courts lack subject-matter jurisdiction over proceedings to quash a summons governed by Section § 7609(c)(2)(D)(i). The Second, Sixth, Seventh, and Tenth Circuits have held that the exemption contained in Section 7609(c)(2)(D)(i) operates as an exception to the United States's waiver of sovereign immunity as to petitions to quash. *See Haber v. United States*, 823 F.3d 746, 751 (2d Cir. 2016); *Gaetano v. United States*, 994 F.3d 501, 509 (6th Cir. 2021); *Barmes v. United States*, 199 F.3d 386, 388 (7th Cir. 1999) ("[I]f notice is not mandated, neither is a petition to quash authorized."); *Maehr v. Comm'r*, 641 F. App'x 813, 815 (10th Cir. 2016).

The Ninth Circuit, on the other hand, has held that a petitioner lacks standing to petition to quash a summons issued pursuant to Section 7609(c)(2)(D)(i).  *See Viewtech, Inc. v. United States*, 653 F.3d 1102, 1104–06 (9th Cir. 2011).  This Court follows the majority approach and considers whether the exemption contained in Section 7609(c)(2)(D)(i) constitutes a waiver of the United States's sovereign immunity.

Sovereign immunity bars claims against the United States and federal officials in their official capacities unless Congress unequivocally expresses a waiver of sovereign immunity.  *Coleman v. Espy*, 986 F.2d 1184, 1189 (8th Cir. 1993).  Section 7609 provides that "any person who is entitled to notice of a summons . . . shall have the right to begin a proceeding to quash such summons."  26 U.S.C. § 7609(b)(2)(A).  Because this language expressly authorizes suit against the United States, it operates as an unequivocal waiver of sovereign immunity.  Accordingly, Congress has waived the United States's sovereign immunity as to proceedings to quash under Section 7609.

Section 7609, however, exempts several categories of summonses from the general third-party notice procedures, including the waiver of sovereign immunity.  *Id.* § 7609(c)(2).  As relevant here, "[t]his section shall not apply to any summons . . . issued in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued."  *Id.* § 7609(c)(2)(D)(i).  The Sixth Circuit has analogized the exemptions contained in Section 7609 to the exemptions in the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2680, which the Supreme Court of the United States has held to be exceptions to the United States's waiver of sovereign immunity.  *Gaetano*, 994 F.3d at 508–09; *accord Kosak v. United States*, 465 U.S. 848,

852 (1984) ("The [FTCA's] broad waiver of sovereign immunity is, however, subject to 13 enumerated exceptions."). The introduction to the FTCA's exemptions provides, "[t]he provisions of this chapter and section 1346(b) of this title shall not apply to . . . ." 28 U.S.C. § 2680. Similarly, the introduction to the exemptions in Section 7609 provides, "[t]his section shall not apply to any summons . . . ." 26 U.S.C. § 7609(c)(2). The Sixth Circuit concluded that the similarity between these provisions supports holding that the exemptions in Section 7609 are exceptions to the United States's general waiver of sovereign immunity in that section, *Gaetano*, 994 F.3d at 508–09, and this Court agrees.

The parties dispute neither that Section 7609 generally operates as a waiver of the United States's sovereign immunity nor that the exemptions in Section 7609(c)(2) are exceptions to that waiver. But Kaminski argues that the exemption in Section 7609(c)(2)(D)(i) is inapplicable to the Crown Bank summons because the Crown Bank summons was issued to collect a trust fund recovery penalty (TFRP), which Kaminski argues is distinct from a tax and, therefore, not covered by Section 7609(c)(2)(D)(i).

The Eighth Circuit has not addressed whether a tax-related penalty constitutes an assessment for the purpose of Section 7609(c)(2)(D)(i). Other Circuits have not differentiated between a summons issued for the purposes of collecting an assessed tax and an assessed penalty. *See e.g.*, *Haber*, 823 F.3d at 751 (affirming the applicability of Section 7609(c)(2)(D)(i) to the collection of an IRS penalty and observing that the "statute requires only that the IRS has made an 'assessment,' which is 'the official recording of liability that triggers levy and collection efforts.' " (quoting *Hibbs v. Winn*, 542 U.S. 88, 101 (2004)); *accord Pflum v. United States*, 125 F.3d 862 (10th Cir. 1997) (table decision).

5

And it is not clear that the distinction between a tax and a TFRP is materially significant. *See Scott v. United States*, 825 F.3d 1275, 1279 (11th Cir. 2016) ("TFRP *taxes* are not a penalty but a statutory means for the IRS to pursue trust fund taxes . . . ." (emphasis added)).

"The first step in statutory interpretation is to look at the text of the statute itself." *Haley v. Retsinas*, 138 F.3d 1245, 1249 (8th Cir. 1998). The statute provides that "[t]his section shall not apply to any summons . . . issued in aid of the collection of . . . an assessment made or judgment rendered against the person with respect to whose liability the summons is issued." 26 U.S.C. § 7609(c)(2)(D)(i). The text of the statute does not limit its applicability to tax liability. Instead, the statute provides that the section does not apply to any summons issued for the collection of an *assessment* made by the government. "Assessment" is defined as the "[d]etermination of the rate or amount of something, such as a tax or damages" or the "[i]mposition of something, such as a tax or fine, according to an established rate; the tax or fine so imposed." Black's Law Dictionary 139 (10th ed. 2014). Neither of these definitions limits an assessment to a tax, nor do they suggest that a penalty imposed based on the non-payment of taxes does not constitute an assessment.[1] For these reasons, the Court concludes that an assessed TFRP constitutes an assessment for the purposes of the statute.

---

[1] Moreover, excluding summonses issued for the collection of IRS-assessed penalties would defeat the purpose of the exception. *See Haber*, 823 F.3d at 750 n.3 ("Without this exception, there might be a possibility that the taxpayer, transferee or fiduciary would use the grace period, which is provided under the statute to give a person entitled to notice the opportunity to challenge the summons, to withdraw the money in his account, thus frustrating the collection activity of the Service." (internal quotation marks and brackets omitted)).

Fox, the IRS revenue officer investigating Kaminski's tax liability, attests that he issued the Crown Bank summons in furtherance of collecting Kaminski's tax liability for two TFRPs. Fox also attests that he did not notify Kaminski because Fox issued the Crown Bank summons in aid of the collection of Kaminski's assessed tax liabilities, pursuant to 26 U.S.C. § 7609(c)(2)(D)(i). Because a TFRP constitutes an assessment, the IRS issued the Crown Bank summons "in the aid of the collection of" Kaminski's assessed tax liability. The Crown Bank summons, therefore, is exempt from the special procedures governing third-party summonses. 26 U.S.C. § 7609(c)(2)(D)(i). And because the United States has not waived its sovereign immunity as to summonses that are exempt from those special procedures, the United States has not waived its sovereign immunity as to Kaminski's petition to quash the Crown Bank summons. Accordingly, the Court lacks subject-matter jurisdiction over Kaminski's petition.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Federal Respondents' motion to dismiss, (Dkt. 7), is **GRANTED**.

2. Petitioner Matthew G. Kaminski's petition to quash, (Dkt. 1), is **DISMISSED** for lack of subject-matter jurisdiction.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 7, 2022                              s/Wilhelmina M. Wright
                                                                                         Wilhelmina M. Wright
                                                                                         United States District Judge